IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ALEMAYEHU GETACHEW, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:25-cv-00645-O-BP |
| | § | |
| U.S. SMALL BUSINESS ADMINSTRATION, | § § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff's Motion for Default Judgment ("Motion"). ECF No. 14. Because Plaintiff did not properly serve Defendant with process, and the motion was filed prematurely before the SBA was required to respond, the undersigned **RECOMMENDS** that Chief United States District Judge Reed O'Connor **DENY** the Motion (ECF No. 14).

I.   **BACKGROUND**

Plaintiff Alemayehu Getachew ("Getachew") filed this action against the Defendant United States Small Business Administration ("SBA"). He claims that the SBA's denial of his application for a Paycheck Protection Program ("PPP") loan was discriminatory and violated his rights under the Fifth, Eighth, Thirteenth and Fourteenth Amendments. ECF No. 1 at 11-16. Getachew asserts Federal Torts Claims Act ("FTCA") claims and seeks monetary damages and approval of a loan from the SBA. *Id.* at 46-48.

On August 13, 2025, Getachew filed a "Proof of Service" document asserting that he had served the SBA via certified mail on August 4, 2025. ECF No. 5. He filled out and signed the Proof of Service document himself. *Id.* On September 4, 2025, he moved for a default judgment

against the SBA, claiming the SBA had "not answered or otherwise appeared in this action, and the time within which defendant may appear has expired." *Id.* at 2-3.

On September 25, 2025, the SBA responded and argues that default judgment was improper for two reasons. ECF No. 16. First, it asserts that government defendants have 60 days to respond to service and therefore the SBA is not in default. *Id.* at 2. Second, it claims that Getachew may not have properly served the SBA in accordance with Federal Rule of Civil Procedure 4(*i*), because he mailed process to the United States Attorney for the Northern District of Texas rather than the Civil Process Clerk for the United States Attorney's Office. *Id.* at 2-4. Counsel for the SBA offered to assist Getachew in perfecting service at minimal expense by agreeing to accept service by electronic mail. *Id.* at 3-4. It is unclear whether Getachew accepted the offer.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment against defendants that have "failed to plead or otherwise defend." Fed. R. Civ. P. 55. A defendant need not plead or otherwise defend until served with process. *Dan-Bunkering (Am.), Inc. v. Ichor, Oil, LLC*, No. 3:20-cv-03341-S-BT, 2021 WL 4311677, at *4 (N.D. Tex. Sept. 21, 2021). Without proper service, the Court lacks personal jurisdiction over the defendant and may not enter a valid default judgment against her. *Norris v. Causey*, 869 F.3d 360, 368 (5th Cir. 2017) (citing *Harper Macleod Solics. v. Keaty & Keaty*, 260 F.3d 389, 393 (5th Cir. 2001)).

When a Plaintiff sues the Government, "[t]he United States, a United States agency, or a United States officer or employee sued only in an official capacity must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the United States attorney." Fed. R. Civ. P. 12(a)(2).

### III.    ANALYSIS

There are four ways to serve most defendants within a federal judicial district: following state service laws where the defendant or the court is located, personal delivery to the individual, leaving a copy at the defendant's dwelling with a person of suitable age, or delivery to an agent authorized to receive process. Fed R. Civ. P. 4(e). Getachew contends the SBA received service via certified mail. ECF No. 13 at 2. Rule 4 does not directly authorize certified-mail service. *See* Fed. R. Civ. P. 4(e); *Starrett v. Lockheed Martin Corp.*, No. 3:17-cv-00988-D-BT, 2018 WL 1399177, at *4 (N.D. Tex. Mar. 9, 2018), *rec. adopted sub nom. Starrett v. Lockheed Martin Corp.*, 2018 WL 1383398 (N.D. Tex. Mar. 19, 2018). However, because this Court is in Texas, Getachew may serve the SBA under Texas law. *Lucky v. Haynes*, No. 3:12-cv-2609-B, 2013 WL 3054032, at *3 (May 28, 2013), *rec. adopted*, 2013 WL 3054032, at *1 (N.D. Tex. June 18, 2013).

The Texas Rules of Civil Procedure permit service "by registered or certified mail, return receipt requested." Tex. R. Civ. P. 106(a)(2). The return receipt must contain the "addressee's signature." Tex. R. Civ. P. 107(c); *Keeton v. Carrasco*, 53 S.W.3d 13, 19 (Tex. App.—San Antonio 2001, pet. denied). Here, the summons was delivered via certified mail, but the return of service does not include a return receipt. This renders Getachew's service attempt defective under Texas law. *Ayika v. Sutton*, 378 F. App'x 432, 434 (5th Cir. 2010). Consequently, the Court cannot grant Getachew's Motion.

Getachew's service likely also was ineffective because the Texas Rules of Civil Procedure state that no interested party "shall serve any process". Tex. R. Civ. P. 103. It appears from the "Proof of Service" that Getachew himself, as an interested party in the case, attempted to effectuate service through certified mail.

Additionally, even if service was effective and did not violate Texas Rule of Civil Procedure 103, default would not be appropriate because the United States has 60 days to respond

3

to a complaint. Fed. R. Civ. P. 12(a)(2). Therefore, Getachew's motion seeking default judgment thirty days after his attempt at service was premature and should not be granted.

## IV. CONCLUSION

A default judgment is a "drastic remedy, not favored by the Federal Rules." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Because Getachew did not properly serve the SBA with process, the SBA was never obligated "to plead or otherwise defend" against Getachew's complaint. *See* Fed. R. Civ. P. 55. Consequently, the Court has not yet acquired personal jurisdiction over the SBA and cannot enter a default judgment against it. Additionally, Getachew's filed the motion for default judgment prematurely, before the SBA was required to respond. Accordingly, the undersigned **RECOMMENDS** that Chief Judge O'Connor **DENY** Getachew's Motion (ECF No. 14).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on October 3, 2025.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE